﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 200325-63673
DATE: April 30, 2021

ORDER

Entitlement to special monthly compensation (SMC) based on the need for aid and attendance is granted.

FINDING OF FACT

Resolving reasonable doubt in favor of the Veteran, the evidence demonstrates that he is in need of the regular aid and attendance of another person.

CONCLUSION OF LAW

The criteria for establishing entitlement to SMC based on the need for aid and attendance have been met. 38 U.S.C. §§ 1114, 1502, 1521, 5103(a), 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.350, 3.351, 3.352.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had honorable active duty service with the United States Army from December 1965 to December 1967, to include service in the Republic of Vietnam.

This appeal comes before the Board of Veterans’ Appeals (Board) on appeal from a February 2020 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). 

The Veteran timely appealed the issue of entitlement to SMC based on aid and attendance via VA Form 10182 Notice of Disagreement and requested Direct Review by the Board. While the February 2020 rating decision also ended entitlement to SMC based on housebound status, the Veteran did not list such in his Notice of Disagreement; thus, that issue is not presently before the Board.

For appeals filed under the AMA framework, in which the appellant seeks direct review, the Board’s decision will be based on a review of the evidence of record at the time of the AOJ decision on the issue on appeal. 38 C.F.R. § 20.301.

1. Entitlement to SMC based on the need for aid and attendance

The Veteran contends that he is entitled to SMC based on the need for aid and attendance. 

In addition to any benefits already received, a Veteran may also be entitled to SMC where there is an established need for regular aid and attendance due to service-connected disabilities. 38 U.S.C. § 1114 (l); 38 C.F.R. § 3.350 (b) (3). Requiring aid and attendance means that a person is helplessness or so nearly helpless as to require the regular aid and attendance of another person.

A veteran will be considered to be in need of regular aid and attendance if he (1) is blind or so nearly blind as to have corrected visual acuity of 5/200 or less in both eyes, or concentric contraction of the visual field to 5 degrees or less; (2) is a patient in a nursing home because of mental or physical incapacity; or (3) establishes a factual need for aid and attendance under 38 C.F.R. § 3.352 (a); 38 C.F.R. § 3.351 (b), (c).

The criteria to be considered in establishing a factual need for aid and attendance include: the inability of a claimant to dress or undress himself, or to keep himself ordinarily clean and presentable; frequent need of adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability cannot be done without aid (this will not include the adjustment of appliances which normal persons would be unable to adjust without aid, such as supports, belts, lacing at the back, etc.); inability of claimant to feed himself through loss of coordination of upper extremities or through extreme weakness; inability to attend to the wants of nature; or, incapacity, physical or mental, which requires care or assistance on a regular basis to protect the claimant from hazards or dangers incident to his daily environment. 38 C.F.R. § 3.352 (a).

It is not required that all of the disabling conditions enumerated in the regulation be found to exist before a favorable rating may be made. The particular personal functions which the veteran is unable to perform should be considered in connection with his condition as a whole. It is only necessary that the evidence establish that the veteran is so helpless as to need regular aid and attendance, not that there be a constant need. Id.

The Board has reviewed the medical and lay evidence of record and finds that entitlement to SMC based on the need for aid and attendance is warranted.

The Veteran is presently service connected for polyneuropathy of the right lower extremity (40 percent); polyneuropathy of the left lower extremity (40 percent); coronary artery disease (30 percent); polyneuropathy of the left upper extremity (20 percent); polyneuropathy of the right upper extremity (20 percent); diabetes mellitus (20 percent); a back disability (10 percent); a left knee disability (10 percent); and, residual burns of the calves, arm, forearm, abdomen, and back (noncompensable). He has been in receipt of a total disability rating based upon individual unemployability due to service-connected disabilities (TDIU) since February 2010. 

The Veteran’s VA treatment records reflect ongoing treatment for multiple medical conditions, both service-connected and nonservice-connected. Medical records reflect that his coronary artery disease caused dyspnea on exertion and fatigue. Polyneuropathy of the extremities caused numbness, tingling, and decreased sensation. The Veteran also experienced chronic pain associated with his knee disability, as well as range of motion restrictions and pain in his back. More recent records reflect hospitalizations for chest pain and shortness of breath. The Veteran’s diabetes mellitus was uncontrolled as he reported succumbing to desserts “quite often”, which impacted his diabetes and caused polyuria.

In January 2020, the Veteran submitted a VA 21-2680 Form Examination for Housebound Status or Permanent Need for Regular Aid and Attendance signed by a VA physician. The examination stated that the Veteran was unable to stand or walk for a few minutes at a time, and his wife assisted him with bathing and other hygiene activities. He was unable to prepare his own meals. His gait was weak and slow with poor balance, requiring the constant use of a walker. His wife also managed his medications and shaved for him. The Veteran was unable to reach over his head with his right arm. Range of motion in his spine was only 20 percent of normal. The Veteran used a catheter at night. He only left the house to attend medical appointments and go to church once per month, and his wife assisted with driving and getting his walker. Even with the walker, he required rest every 1000 feet.

(Continued on the next page)

 

While also presently undergoing treatment for other nonservice-connected conditions, to include lung cancer, these nonservice-connected disabilities do not appear to cause the majority of the Veteran’s need for aid and attendance from his wife. By way of example, during his treatment for lung cancer, the Veteran reported fatigue with the medications and postprandial pain. VA treatment records do not directly connect the more severe functional impairments reported in the January 2020 examination to his nonservice-connected disabilities.

In summary, the totality of the evidence demonstrates that the Veteran requires assistance in dressing, bathing, and attending to the wants of nature due to the impact of his service-connected disabilities. The Veteran also requires assistance to protect himself from hazards or dangers incident to his daily environment. Additionally, the evidence demonstrates that the Veteran requires assistance preparing meals, managing medication, administering medication, and attending medical appointments. Therefore, resolving reasonable doubt in favor of the Veteran, the Board finds that entitlement to SMC benefits based on the factual need for aid and attendance has been established.

 

 

Hannah Fisher

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board N. Whitaker, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.